722 P.2d 247
**STATE of Arizona, Appellee,**

v.

**Michael Dennis MOTT, Appellant.**

**No. CR 86–0127–PR.**

Supreme Court of Arizona,
In Banc.

June 20, 1986.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Stanley L. Patchell, and Paul J. McMurdie, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy County Public Defender, Phoenix, for appellant.

CAMERON, Justice.

This is a petition for review of a decision and opinion of the court of appeals which ordered defendant's plea of guilty to be vacated. *State v. Mott,* 150 Ariz. 198, 722 P.2d 366 (App.1986). We have jurisdiction pursuant to Arizona Constitution, art. 6 § 5(3) and Rule 31.19, Ariz.R.Crim.P., 17 A.R.S..

We must answer only one question on appeal and that is whether the prior decision of this court in *State v. Anderson,* 147 Ariz. 346, 711 P.2d 456 (1985), applies to the facts in this case.

The facts necessary for determination of this matter are as follows. On 16 February 1984, defendant was indicted by the Maricopa County grand jury for kidnapping, a class 2 dangerous felony and two counts of sexual assault, a class 2 dangerous felony. A plea agreement was reached in which the defendant agreed to plead guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the crime of kidnapping, if the allegation of dangerousness and the two sexual assault charges were dismissed, and if defendant were given probation.

At the time of the plea, the defendant, as allowed by *North Carolina v. Alford, supra,* stated that even though he was pleading guilty, he was not guilty and was going thereafter to seek evidence to clear himself. Defendant had waived his right to counsel but was assisted by advisory counsel. At the proceedings, the following exchange took place:

> MR. ADAMS [appellant's advisory counsel]: Your honor, if I might try to clarify matters a little bit, I have discussed with Mr. Mott many times and he feels that he is being falsely accused, that the facts as stated by the State are not the true facts, but he also knows that if he were to go to trial they would present this evidence, that there is a likelihood of conviction, that the original offense as charged is a dangerous offense, that he would go to prison if he were convicted.
>
> Because the State has offered to drop the allegation of dangerousness and stipulate to probation, it is my understanding that Mr. Mott wants to enter the guilty plea with the full knowledge that he is not admitting to having done this, but he is only pleading guilty to

take advantage of this plea agreement. That's what I have advised him and I am certain that he understands it that way.

THE COURT: Do you understand it that way, Mr. Mott?

THE DEFENDANT [Mr. Mott]: Yes.

THE COURT: And now after all the discussion that has been made, and knowing that the State has said they would prove and your feelings about the matter and the fact of the totality, the whole plea agreement of dismissal of two causes, and the stipulated probation and the fact that you would not be having to have a trial, the risk that you indicated yourself was involved there in a jury possibly finding you guilty of all three counts, because of all of that, you feel that it is wise to plead guilty and that is why you are still pleading guilty, is that correct?

THE DEFENDANT: Yes, I am doing that under Alford, yes.

\* \* \* \* \* \*

THE COURT: And do you give that not guilty plea up?

THE DEFENDANT: Yes, but I have a question.

THE COURT: What's the question?

THE DEFENDANT: It's about my constitutional rights as reopening a case. In other words, if I do come up with evidence which I intend to do and which I will do as soon as possible, then I have a right to reopen the case, right? In other words, if I could prove that I'm telling the truth, right—in other words, I know I'm telling the truth about these matter.

THE COURT: Well now, let's look at this again. You talk about reopening it when you are merely pleading to it at this time. If you and—and I know both attorneys have told you this, but if you feel that the evidence should be presented, then you may want a trial, but the point I'm trying to indicate to you, the only way that you would be able to go back with respect to this

charge, to go back into the record is by making an immediate appeal.

THE DEFENDANT: Immediate appeal?

THE COURT: I will be advising you to that effect.

THE DEFENDANT: How does that work?

THE COURT: Once you make your plea, you are giving up your right to do as you indicated, go back into the record. I'm not certain quite how you mean that—

MR. DONOFRIO: Your Honor, I think what he means, he wants to know that there is such a thing as Rule 32, if newly discovered evidence which was not available to him at the time this plea proceedings, he could take and file a petition for post conviction relief. That's all he is asking. He has talked to Mr. Adams [defendant's attorney] about this.

MR. ADAMS: Yes, Your Honor. I have advised him that if he were to come up with some evidence that was not available at this time, substantial evidence that he could in fact file a petition for post conviction relief under Rule 32 and come back into this Court with that evidence. If it were substantial enough to set aside this plea, that is another question but he also has that right and I advised him that he would have that right. I think what he is saying is, if he ever had sufficient evidence to present a Rule 32 by way of post conviction relief, that he could present that to the Court at a later date, even after he pled guilty. I think that's also available to him.

\* \* \* \* \* \*

THE DEFENDANT: Okay.

THE COURT: Do you feel you understand it now?

THE DEFENDANT: I want to ask one question. At this time, I'm doing that, yes.

THE COURT: You feel you understand that?

THE DEFENDANT: To go to trial at this time, yes—no.

THE COURT: And do you give up those constitutional rights that we went over?

THE DEFENDANT: Yes.

THE COURT: And has anyone promised you anything now with respect to sentencing that has not been put in that plea agreement; anything outside of the agreement, any lawyer or any judge or any friend, anybody?

THE DEFENDANT: Not that I can think of.

It would appear that the defendant, even though representing himself, negotiated a very favorable plea agreement, including not only the dismissal of sexual assault charges and the allegation of dangerousness but also the sentence of probation. Defendant contends, however, and the majority of the court of appeals agreed, that his plea was taken contrary to *State v. Anderson, supra.* We do not agree.

In *Anderson*, the defendant entered a plea of no contest to three counts of the sale of dangerous drugs and one count of knowingly possessing dangerous drugs. At the time of the plea, some tea balls allegedly containing drugs were being examined by a laboratory in Salt Lake City, Utah. Defendant was told by his counsel that if the report was negative that his plea of no contest could be withdrawn and to do so would simply be a formality. As we stated:

Defendant claims that prior to his acceptance of the tendered plea agreement his trial attorney (different from counsel on appeal) told him that he could withdraw his plea based on negative results from the Salt Lake City lab and to do so was simply a formality. At an evidentiary hearing conducted on April 11, 1984, defendant's trial counsel was examined. He testified that defendant asked prior to acceptance if the plea could later be withdrawn. As to what would happen if the Salt Lake City tests were negative,

"And I then advised him that he would have the opportunity to move to withdraw his plea...."

Trial counsel further testified that prior to the acceptance of the plea there was no discussion with defendant regarding the permissible grounds for withdrawal of a plea or the legal standard (manifest injustice) used by the judge. Defendant testified that had he known that withdrawal was not a mere formality and that it was discretionary with the trial court he would not have entered into the plea.

*State v. Anderson,* 147 Ariz. at 350, 710 P.2d at 460.

In discussing the rights that the defendant waives by entering a plea of guilty or a plea of no contest, we stated:

We believe a lay person hearing the attorney's statements, without more, would understand his advice to mean a motion to withdraw would be routinely granted. This is especially true in this case where defendant had previously rejected numerous plea offers, questioned counsel as to withdrawal, and the test results from Salt Lake City did, in fact, render favorable results. While it is true that a defendant must not tell the judge that his plea is entered into voluntarily if it is not, ... defendant's responses to the trial judge are not necessarily inconsistent with a belief that he could withdraw his plea at a later date. The record as a whole indicates that defendant would have rejected the plea and proceeded to trial had he been advised as to the true consequences of the plea and subsequent withdrawal procedures.

*Id.* 147 Ariz. at 351, 710 P.2d at 461. (citations omitted).

*Anderson* is distinguishable from the instant case in that the defendant therein was clearly misled as to the effect of his plea. That does not appear to be the case herein. Defendant was informed of the right he was waiving. He also understood he had a right to appeal. More importantly, he understood that in certain circumstances he might obtain post conviction relief pursuant to Rule 32. It was not, however, indicated to him that this was a mere

**82**

formality as it was to the defendant in *Anderson, supra.*

We agree with the dissent in the court of appeals that the trial court bent over backwards to accommodate defendant and to assist him in understanding the proceedings. Admittedly, this may have been made more difficult by the fact that defendant had waived counsel and was being assisted by advisory counsel only, to the extent defendant would allow him. Nevertheless, the plea was, in our opinion, voluntarily and intelligently made. As Judge Eubank stated in his dissent: "The state had a very strong case against him and he made a very good bargain, getting probation in the process. His criminal record certainly did not justify probation in my opinion." *State v. Mott, supra,* 722 P.2d at 370 slip op. at 10 (EUBANK, J., dissenting). The record is clear that defendant pled guilty pursuant to *Alford* because of the strength of the state's case against him and in order to receive probation. It was a knowing, voluntary and intelligent plea.

The decision and opinion of the court of appeals is vacated and the judgment of the trial court is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.